**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

BRYAN HEDGES,

        Plaintiff,

vs.

WENDY ANASTASIO, individually; et al.,

        Defendants.

Case No. 09-CV-793-FHM

**OPINION AND ORDER**

Defendants' Motion to Dismiss "First Amended Petition," [Dkt. 13] has been fully briefed and is before the undersigned United States Magistrate Judge for disposition.

**Background**

Plaintiff alleges that on or about September 24, 2009, Defendants Arico and Anastasio and a sheriff's deputy who has been dismissed form this action arrived at his residence and removed his 20-month old child from his care without benefit of a court order when no emergency existed for such removal. Plaintiff states that on September 28, 2009, after removal of the child, Defendant Arico submitted an affidavit in support of emergency custody which contained false statements of fact and omissions. According to Plaintiff, much of the information for the affidavit was supplied by Defendant Anastasio.

On September 29, 2009, an order was issued placing the child in emergency custody. Plaintiff states that the emergency order was based on the untrue information that Plaintiff has a drug history and has only supervised visits with his children. Plaintiff further alleges that the child was removed from his custody "based solely on the prior DHS history of the mother and inept and insufficient allegations of a dirty master bedroom." [Dkt. 2-5, p. 3]. Plaintiff states that Defendants failed to conduct an investigation prior to seeking

emergency custody and that his child was taken from him based on a policy of taking babies from parents based on prior DHS history, irrespective of each individual parents' current ability to take care of the child. Plaintiff also complains that improper *ex parte* communications with the Court by DHS employees regularly take place.

Plaintiff states that Defendants Anastasio and Arico caused an emergency order to be issued and a deprived petition to be filed in Rogers County Case No. JD-2009-24 and that these defendants assisted, aided and abetted in the filing of that case by providing information to the court and Rogers County district attorney's office. The child was returned to Plaintiff on November 9, 2009, and the case was dismissed by the court on November 10, 2009.

In addition to removal of the child from his custody, Plaintiff asserts that Defendants Anastasio, Miller, and Holt engaged in improper *ex parte* communication and correspondence with Judge Post which resulted in the removal of the child from the custody of the grandparents without giving Plaintiff notice or an opportunity to be heard.

Plaintiff asserts that the foregoing actions constitute an unreasonable seizure under the Fourth Amendment; and violations of substantive and procedural due process under the Fourteenth Amendment.

## Motion to Dismiss Standards

To survive a motion to dismiss, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Plaintiffs must do more than make allegations of such a broad scope that they "encompass a wide swath of conduct, much of it innocent."

*Robbins*, 519 F.3d at 1247. Rather, Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." *Id*. (quoting *Twombly*, 127 S.Ct. at 1971 n. 10). Plausibility does not mean "likely to be true," it means that the allegations must be enough that if assumed to be true the plaintiff plausibly, not merely speculatively, has a claim for relief. *Id.*

### Claims Against the Department of Human Services (DHS)

Plaintiff states that he is not seeking damages against DHS, but is seeking injunctive relief. [Dkt. 14, p. 3]. Plaintiff asserts that Defendant's request to dismiss the claim for injunctive relief is moot because he will be filing a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65. [Dkt. 14, p.3]. As of the current date, no motion for preliminary injunction has been filed.

Fed. R. Civ. P. 65(d)(1) sets out the requirements for the content and scope of injunctions. The rule provides: "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail . . . the act or acts restrained or required." Furthermore, "[i]njunctions that broadly order the enjoined party simply to obey the law and not violate the statute are generally impermissible." *N.L.R.B. v. U.S. Postal Service*, 486 F.3d 683, 691 (10th Cir.2007) (Tymkovich, J. concurring and citing cases).

DHS argues that Plaintiff's request for injunctive relief is not narrowly tailored, is overly broad and nonspecific. DHS argues generally "the injunctive relief sought by the Plaintiff seeks to impose mandatory duties on DHS and its employee [sic] far beyond (and even contrary to) the current requirements of the Oklahoma Children's Code and the Oklahoma Child Abuse Reporting and Prevention Act. Consequently, the Plaintiff's claim

for injunctive relief against DHS should be dismissed." [Dkt. 13, p. 17].  Since DHS did not provide specific reference to or discussion of the requirements of the Oklahoma Children's Code or the Oklahoma Child Abuse Reporting and Prevention Act, the Court has no basis upon which to determine whether that aspect of DHS's argument has merit.[1]

Plaintiff's First Amended Petition sets out six specific actions sought to be included in an injunction:

>    a.  An order enjoining Rogers County DHS from any *ex. parte* communications with Jude [sic] Post, in the absence of an emergency;
>
>    b.  That all communications from DHS to Judge Post be simultaneously transmitted to the parents of children in such proceedings and all other interested parties;
>
>    c.  That any request for emergency relief be verified or based on sworn testimony;
>
>    d.  That affidavits requesting emergency custody state specific allegations rather than conclusory statements;
>
>    e.  That all sworn statements to the court be based on reasonable investigation;
>
>    f.  That all interested entities such as CASA, foster parents, who communicated with Judge Post be advised promptly that *ex. parte* communications in the absence of an emergency are impermissible and that copies of all written communication by these parties about the case be immediately transmitted to all interested parties and any oral communications be memorialized.

---

[1] The Court notes that elsewhere in Defendants' briefing specific reference is made to the Oklahoma Children's Code, [Dkt. 13, pp. 18-19], but even after Defendants noted that amendments to the relevant statutes became effective on May 21, 2009, and stated that citations to statutes would be to the version in effect when the action was commenced on October 29, 2009, [Dkt. 13, p. 9 n.3], Defendants unaccountably cited to the old version of the statutes.

[Dkt. 2-5, p. 6]. The Court agrees with DHS that the requested relief is too broad and nonspecific to form the basis for an injunction. An injunction must describe prohibited conduct with reasonable specificity. The injunctive relief requested by Plaintiff contains such subjective terms that such an injunction would not be enforceable. For instance, Plaintiff requests that some actions be prohibited, but only in the absence of an emergency; that affidavits contain only specific allegations rather than conclusory statements; and that actions be taken based on reasonable investigation.

The Motion to Dismiss is GRANTED as to injunctive relief requested against DHS.

### **Individual Defendants**

The individual defendants have asserted the defense of qualified immunity. Qualified immunity generally shields governmental officials performing discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity seeks to balance the protection of constitutional rights and the "substantial social costs" of imposing liability on public officials. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The Supreme Court has identified three purposes underlying the grant of qualified immunity: protection of the public from unwarranted timidity on the part of public officials; ensuring that talented candidates for public service are not deterred by the threat of damage suits from entering public service; and reduction of the chance that lawsuits will distract from the performance of public duties. *Richardson v. McKnight*, 521 U.S. 399, 408, 117 S.Ct. 2100, 138 L.Ed.2d (1997).

There is no heightened pleading standard for cases brought under §1983, however a complaint must meet the minimal standard of notice pleading articulated by the Supreme Court in *Twombly*. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). In *Robbins* the Tenth Circuit reversed the district court denial of a motion to dismiss in a §1983 action and instructed the district court to dismiss the case for failure to state a claim upon which relief can be granted where plaintiffs did not allege sufficient facts with respect to individual defendants to provide fair notice. The Tenth Circuit observed that complaints in §1983 cases have a likelihood of failing the requirements of notice and plausibility because they typically involve complex claims against multiple defendants. *Id.* Therefore, the *Twombly* requirement that a complaint contain enough factual allegations to state a plausible claim to relief may have "greater bite" in the context of a §1983 action as a result of the interest in resolving the defense of qualified immunity at the earliest possible stage. *Id.*

In *Robbins* the Court stated that to provide fair notice in the context of a §1983 case, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Id.* at 1249-53. (emphasis in original). In addition the Tenth Circuit said the court is not required to speculate as to the role of each individual defendant "because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants." *Id.* at 1250. When a complaint uses the collective term defendants, or lists the defendants individually but makes no distinction as to what acts are attributable to whom, it is impossible for an individual defendant to ascertain what particular unconstitutional acts they are alleged to have committed. *Id.*

6

When a complaint contains such non-specific allegations, the Tenth Circuit has determined that it is appropriate to dismiss a plaintiff's claims. *Id.* at 1251-54.

Assuming a complaint sufficiently states allegations of *who* did *what* to *whom,* the Court engages in a three-part inquiry to analyze the qualified immunity defense. The Court asks whether the allegations, if true, establish a constitutional violation. If the answer to that question is yes, then the Court examines whether the law was clearly established at the time the alleged violation occurred. If the law was clearly established, then the Court asks whether extraordinary circumstance such as reliance on advice or counsel or reliance on a statute prevented the official from knowing that the actions were unconstitutional. *Gomes v. Wood*, 451 F.3d 1122, 1134 (2006) (outlining standard and citing cases).

In addition to providing defendants notice, a statement of specific allegations particular to each individual defendant provides the Court with a basis to analyze whether a plaintiff has stated a plausible claim for relief. When a complaint does not provide sufficient detail, the Court cannot assess whether the allegations, if true, establish a constitutional violation without having to engage in speculation. Applying the foregoing principles, the Court will address the allegations asserted against each of the individual defendants. The Court has not addressed the allegations asserted that fail to identify any defendant allegedly responsible or which address actions taken by persons who are not named as defendants in this lawsuit.

### Wendy Anastasio

The Court finds that Plaintiff has asserted adequate allegations to give fair notice of what Defendant Anastasio is alleged to have done in relation to the removal of the child HH

from the custody of Plaintiff. Plaintiff alleges that without benefit of court order or an emergency, Anastasio removed the child HH from his care. He alleges that Anastasio supplied information for an affidavit in support of an emergency order which contained false information and omissions: that Plaintiff intentionally hid the child from DHS and the court when in fact there was no requirement to advise DHS of the birth of a child; it was falsely reported that Plaintiff was not allowed to have contact with the mother of the child, when no such order existed; it was reported that Plaintiff refused to take a urine analysis, which was false; and that Plaintiff had a drug history and only had supervised visits with his children, which was false.

The allegations in this case are similar to ones that were found to be sufficient in *Vanzandt v. Okla. Dept. of Human Servs.*, 276 Fed. Appx. 843 (10th Cir. 2008)(unpublished). In *Vanzandt,* the complaint alleged that Defendant Ruby James submitted a false affidavit for use as a statement of probable cause to procure felony child abuse charges against Plaintiff Vanzandt. The complaint recited several allegedly fabricated statements that were contained in the affidavit and produced corroborating evidence of the statements' falsity. *Id.* at 847. The Court listed several reasons for its finding that the complaint was sufficient: 1) the complaint provided notice to Defendant by directly naming Defendant; 2) specific actions allegedly taken by Defendant were alleged; 3) the specific date and purpose of the affidavit were alleged; 4) the complaint contained a detailed factual basis for why the statements were false; and 5) the complaint links the alleged actions to the end result, which was Plaintiff's arrest for felony child abuse. *Id.* at 848. In the present case, Defendant Anastasio is specifically named, the specific purpose of the affidavit is alleged and the specific allegedly false statements are asserted. The

allegations are not too vague to provide sufficient notice of *who* is alleged to have done *what* to *whom*. *Robbins*, 519 F.3d at 1249-1250. (describing requirements for plausibility of claims and notice pleading under *Twombly*).

The Court rejects Defendants' argument that it is implausible[2] that Plaintiff's child was unreasonably seized from him by DHS employees for the reason that Oklahoma statutes only grant authority to make a seizure without a court order to law enforcement officers or because it is the district attorney not DHS employees who have the authority to file a petition for termination of parental rights. Irrespective of who actually files the papers for legal action, officers who conceal and misrepresent material facts to a district attorney are not insulated from §1983 claims. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004).

The Court rejects as a nonsensical statement Defendants' assertion that "it is not plausible that these Defendants directed their conduct at the Plaintiff's relationship intentionally with knowledge that the Defendants' conduct would adversely affect that relationship." [Dkt. 13, p. 22]. As a matter of simple common sense, it is to be expected that those statutorily charged with the task of investigating reports of child abuse or neglect have some knowledge that their actions have an effect on the parent/child relationship.

The law is clearly established that "government officials' procurement 'through distortion, misrepresentation and omission,' of a court order to seize a child is a violation of the Fourth Amendment." *Malik v. Araphahoe Co. Dept. of Soc. Serv.*, 191 F.3d 1306,

---

[2] Throughout Defendants' briefing the term "implausible" is used to mean unlikely to be true. The Tenth Circuit made it clear in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), that is not the correct use of the term. In the context of a motion to dismiss for failure to state a claim, plausibility means that if the allegations are assumed to be true, the claim for relief is not speculative, and is therefore plausible.

9

1316 (10th Cir. 1999)(quoting *Malik*, 987 F.Supp. 868, 882 (D. Colo. 1997)); *U.S. v. Colonna,* 360 F.3d 1169, 1174 (10th Cir. 2004)(the Fourth Amendment is violated when an affiant knowingly and intentionally or with reckless disregard for truth makes a false statement in an affidavit to procure a warrant, but misstatements resulting from simple negligence or inadvertence will not invalidate a warrant).  Although not every misstatement in an affidavit will rise to a constitutional violation, *U.S. v. Corral-Corral*, 899 F.2d 927, 934 (10th Cir. 1990)(error in address on search warrant does not rise to level of deliberate falsehood), *U.S. v. Axselle*, 604 F.2d 1330, 1336 (10th Cir. 1979)(not every misstatement or factual inaccuracy in an affidavit will invalidate a warrant), the Court finds that the allegations against Defendant Anastasio that she acted without authority to do so in removing the child HH from Plaintiff, supplied information for an affidavit in support of an emergency order which contained false information and omissions, and failed to conduct an adequate investigation prior to removal of the child are sufficient to state a claim for relief under §1983 for at least a Fourth Amendment violation that is plausible on its face, therefore dismissal is not appropriate.[3]

---

[3] Since a plausible claim for a Fourth Amendment violation is stated against Defendant Anastasio, the Court has not analyzed other possible bases for relief.

### Amanda Arico

Plaintiff asserts essentially the same allegations against Defendant Arico as he did against Defendant Anastasio, except that Defendant Arico is alleged to have signed the affidavit filed in support of the emergency custody order. The Court finds that Plaintiff has asserted adequate allegations to give fair notice of what Defendant Arico is alleged to have done in relation to the removal of the child HH from the custody of Plaintiff. As with the allegations against Anastasio, the Court finds that the law was clearly established and the allegations are sufficient to state a claim for relief under § 1983 for at least a Fourth Amendment violation that is plausible on its face.

### Donna Miller and Tabitha Holt

Plaintiff alleges after the child HH was removed from his custody and placed with the grandparents, Defendants Anastasio, Miller, and Holt provided false information on an *ex parte* basis to the court which resulted in the removal of the child HH from the care of the grandparents. Plaintiff states that he was thereby deprived of notice and an opportunity to be heard.

Plaintiff has not established that after the child was removed he had any right to notice and opportunity to be heard regarding the placement of the child. The Court finds that Defendants Miller and Holt are entitled to qualified immunity since Plaintiff has not established the actions they allegedly took were violative of any constitutional right. The Motion to Dismiss is GRANTED as to Defendants Miller and Holt and as to Anastasio for her actions in the removal of the child HH from grandparents' custody.

## **CONCLUSION**

Defendants' Motion to Dismiss "First Amended Petition," [Dkt. 13] is GRANTED in part and DENIED in part.

The Motion is GRANTED as to Defendant DHS.

The Motion is DENIED as to Defendants Anastasio and Arico for their actions in relation to the removal of the child HH from the custody of Plaintiff.

The Motion is GRANTED as to Defendants Miller and Holt and as to Anastasio for her actions in the removal of the child HH from grandparents' custody.

SO ORDERED this 14th day of December, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE